IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **HAROLD L. W., JR.,** | * |
| **Plaintiff,** | * |
| | *     Civil No. TMD 20-2624 |
| v. | * |
| **KILOLO KIJAKAZI,** | * |
| **Acting Commissioner of Social Security,** | * |
| **Defendant.**[1] | * |

**MEMORANDUM OPINION GRANTING DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff Harold L. W., Jr., seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Acting Commissioner of Social Security ("Defendant" or the "Commissioner") denying his applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 14) and Defendant's Motion for Summary Judgment (ECF No. 17).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled. No hearing is necessary. L.R. 105.6. For the

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

reasons that follow, Defendant's Motion for Summary Judgment (ECF No. 17) is **GRANTED**, Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 14) are **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

# I

## Background

On March 27, 2017, Plaintiff protectively filed applications for DIB and SSI, alleging disability beginning on July 30, 2015. R. at 15. After the Commissioner denied Plaintiff's claim initially and on reconsideration, he requested a hearing. R. at 15. On April 16, 2019, Administrative Law Judge ("ALJ") Richard Furcolo held a hearing in Washington, D.C., where Plaintiff and a vocational expert ("VE") testified. R. at 31-74. At the hearing Plaintiff amended his alleged onset date of disability to April 27, 2017. R. at 15, 36-37. The ALJ thereafter found on May 1, 2019, that Plaintiff was not disabled from April 27, 2017, through the date of the ALJ's decision. R. at 12-30. In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since April 27, 2017, and that his intellectual disorder and affective disorder were severe impairments. R. at 17-18. He did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. R. at 18-20. In comparing the severity of Plaintiff's mental impairments to the listed impairments, the ALJ found that Plaintiff had a moderate limitation in concentrating, persisting, or maintaining pace. R. at 19.

The ALJ then found that Plaintiff had the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to performing simple routine tasks and he would be able to interact on an occasional basis with supervisors, coworkers, and the public." R. at 20. In light of this RFC

assessment and the VE's testimony, the ALJ found that Plaintiff could perform his past relevant work as a forklift operator.  R. at 24-25.  In the alternative the ALJ found that he could perform other work in the national economy, such as a bakery worker, grading/sorting worker, or table worker.  R. at 25.  The ALJ thus found that Plaintiff was not disabled from April 27, 2017, through May 1, 2019.  R. at 26.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on September 11, 2020, a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case then was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

## II

## **Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the

regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[3]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4).  RFC is a measurement of the most a claimant can do despite his or her limitations.  *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."  20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).  The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations.  *See id.*  If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled.  *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience.  *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012).  The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy.  *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can make an adjustment to other work that exists in significant

numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to

differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Plaintiff contends that the ALJ erroneously assessed his RFC contrary to Social Security Ruling[4] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996).  Pl.'s Mem. Supp. Mot. Summ. J. 3-11, ECF No. 14-1.  Plaintiff also asserts that the ALJ erroneously evaluated his subjective complaints.  *Id.* at 11-14.  For the following reasons, Plaintiff's contentions are unavailing.

SSR 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations.  "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy."  The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote and citations omitted).  The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are

---

[4] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted.  20 C.F.R. § 402.35(b)(1).  Once published, these rulings are binding on all components of the Social Security Administration.  *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1).  "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law."  *Pass*, 65 F.3d at 1204 n.3.

7

'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

The Fourth Circuit further held in *Mascio* that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* The court in *Mascio* remanded the case for the ALJ to explain why the claimant's moderate limitation in concentration, persistence, or pace at step three did not translate into a limitation in the claimant's RFC. *Id.*

Plaintiff maintains that the ALJ failed to perform properly a function-by-function assessment of his ability to perform the physical and mental demands of work. Pl.'s Mem. Supp. Mot. Summ. J. 6, ECF No. 14-1. In particular, he argues that the ALJ failed to evaluate pertinent

evidence. *Id.* The state agency consultants opined that Plaintiff "would be limited to the performance of simple, repetitive tasks on a sustained basis, in settings where social interactions are limited to casual contact." R. at 84, 110. According to Plaintiff, however, although the ALJ

> determined that the opinions of the State Agency physicians were greatly persuasive, thorough, comprehensive, and supported by the evidence, he made [no] mention of, and did not evaluate, the opinions that [he] had markedly limited abilities to understand, remember, and carry out detailed instructions, a moderately limited ability to make simple work-related decisions, and a marked limitation in the ability to understand, remember, and apply information. Moreover, [the ALJ] failed to include in his [RFC] assessment any limitation upon [his] abilities to understand, remember, or carry out [detailed] instructions, make simple work-related decisions, or understand, remember, and apply information.

Pl.'s Mem. Supp. Mot. Summ. J. 6, ECF No. 14-1.

As Defendant points out, the ALJ was not required to evaluate the non-narrative, non-RFC conclusions of the state agency consultants. *See Siddiqui v. Colvin*, 95 F. Supp. 3d 833, 843-44 (D. Md. 2015). Moreover, "with respect to Plaintiff's argument that the ALJ erred in both assigning [great persuasiveness] to certain opinion evidence and omitting certain limitations contained therein, the Fourth Circuit has rejected this reasoning in *Sizemore v. Berryhill*, 878 F.3d 72 (4th Cir. 2017)." *Kenneth L. v. Kijakazi*, Civil No. SAG-20-624, 2021 WL 4198408, at *3 (D. Md. Sept. 15, 2021) (Gallagher, J.).

> In *Sizemore*, the ALJ heavily weighed two medical opinions in which the physicians opined that the plaintiff was moderately limited in several sub-categories considered when evaluating a claimant's concentration, persistence, or pace limitations. The physicians each explained that the plaintiff was nonetheless able to persist while working on simple tasks. The Fourth Circuit thus rejected the plaintiff's argument that the ALJ erred in failing to include all the moderate limitations in the RFC determination because the physicians explained the moderate limitation could be accommodated by a limitation to simple tasks and the ALJ included that limitation in the RFC determination. Plaintiff's argument in this case thus mirrors the argument that the Fourth Circuit has already rejected.

9

*Id.* (citations omitted); *see Sizemore*, 878 F.3d at 80-82. For these reasons, remand is not warranted.

Plaintiff then contends that, although the ALJ "determined that [he] had moderate difficulties with regard to concentration, persistence, or pace, he failed to include any limitation on concentration or task persistence in his [RFC] assessment, and instead determined that [he] was limited to performing simple, routine tasks." Pl.'s Mem. Supp. Mot. Summ. J. 7-8, ECF No. 14-1 (citation omitted). He also maintains that the ALJ failed to explain how he would be capable of maintaining concentration, persistence, and pace for over 80% of the workday. *Id.* at 9. The ALJ found, however, that the "evidence fails to support a conclusion that [Plaintiff] has any additional functional limitations as a result of his medically determinable impairments, including limitations regarding excessive absences or time off task" (R. at 24), which substantial evidence supports (R. at 21-24). Contrary to Plaintiff's argument, the Fourth Circuit "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). Rather, when "medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id.* (quoting *Winschel*, 631 F.3d at 1180). Here, the opinions of the state agency consultants provide substantial evidence that, despite his moderate limitation in concentrating, persisting, or maintaining pace, he would nonetheless be able to stay on task while performing simple, routine tasks as long as he interacted occasionally with supervisors, coworkers, and the public. *See Sizemore*, 878 F.3d at 81. Remand under *Mascio* is thus not required. *See id.*

Last, Plaintiff asserts that the ALJ applied an improper standard in evaluating his subjective complaints of pain. He contends that the ALJ "erroneously required [him] to prove the type and degree of his subjective complaints by objective medical evidence, and determined that [he] had not done so." Pl.'s Mem. Supp. Mot. Summ. J. 14, ECF No. 14-1. The Fourth Circuit recently reiterated the standard used by ALJs to evaluate a claimant's symptoms:

> When evaluating a claimant's symptoms, ALJs must use the two-step framework set forth in 20 C.F.R. § 404.1529 and SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016). First, the ALJ must determine whether objective medical evidence presents a "medically determinable impairment" that could reasonably be expected to produce the claimant's alleged symptoms.
>
> Second, after finding a medically determinable impairment, the ALJ must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled. At this step, objective evidence is *not* required to find the claimant disabled. SSR 16-3p recognizes that "[s]ymptoms cannot always be measured objectively through clinical or laboratory diagnostic techniques." Thus, the ALJ must consider the entire case record and may "not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate" them.

*Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (alteration in original) (citations omitted). "However, while a lack of corroborating objective evidence may not be the *sole* reason an ALJ discounts a claimant's complaints, it is generally appropriate for an ALJ to consider inconsistencies between a claimant's complaints and the available objective evidence." *Kenneth L.*, 2021 WL 4198408, at *3 (citing 20 C.F.R. § 416.929).

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [his] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." R. at 21. The ALJ found that "the medical evidence does not support [Plaintiff's] allegations

11

regarding the intensity, persistence, and limiting effects of his mental health symptoms." R. at 21; *see* R. at 21-24. The ALJ also considered Plaintiff's activities of daily living, his testimony, and the opinion evidence. R. at 21-24. "Had the ALJ relied exclusively on a lack of objective evidence, the analysis would be flawed. Here, however, the ALJ considered the inconsistency of [Plaintiff's] alleged symptoms with objective evidence as just one component of the assessment." *Jai P. v. Saul*, Civil No. TJS-19-3371, 2021 WL 424469, at *2 (D. Md. Feb. 8, 2021) (citation omitted). Rather, "the ALJ considered multiple factors in discounting Plaintiff's subjective symptoms." *Kenneth L.*, 2021 WL 4198408, at *3. Further, "Plaintiff cannot rely exclusively on subjective evidence to prove that [his] mental impairments prevent [him] from working a full eight-hour day." *Carolyn G. v. Kijakazi*, Civil Action No. ADC-20-1363, 2021 WL 2982129, at *5 (D. Md. July 15, 2021). "Because the ALJ did not rely exclusively on objective evidence in assessing the severity of [Plaintiff's] symptoms, [his] argument is without merit." *Jai P.*, 2021 WL 424469, at *2.

The ALJ thus built "an accurate and logical bridge from the evidence to his conclusion." *Monroe*, 826 F.3d at 189 (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). Again, the Court does not reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Hancock*, 667 F.3d at 472. When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the Court defers to the ALJ's decision. *Shinaberry*, 952 F.3d at 123. Because substantial evidence in the record supports the decision of the ALJ, who applied the correct legal standards here, the Court affirms the Commissioner's final decision.

# V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 17) is **GRANTED**. Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 14) are **DENIED**. The Commissioner's final decision is **AFFIRMED**. A separate order will issue.

Date: December 20, 2021

/s/
Thomas M. DiGirolamo
United States Magistrate Judge